# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS PICOZZI,<br>    Plaintiff, | : <br> : <br> : | |
| v. | : | CIVIL ACTION NO. 18-CV-1998 |
| JOSEPH MCKEOWN, *et al.*,<br>    Defendants. | : <br> : <br> : | |

## MEMORANDUM

**GOLDBERG, J.**                                              MAY 16, 2018

    Thomas Picozzi, proceeding *pro se*, has filed a civil action against Joseph McKeown, Pat Mason, Kathleen Kacknacker, Ethel McKeown, and Harry McKucking. He has also filed a Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 2.) For the reasons set forth below, the Court will grant Picozzi leave to proceed *in forma pauperis* and will dismiss his Complaint with leave to amend.

## I.     FACTS

    In his Complaint, Picozzi alleges that "when [he] was a young kid Joseph molested [him] for they been harassing [him] when [his] mom die[d]." (Compl. at 3.) He contends that the Defendants "made a will behind [his] back" and blocked his phone number from people. (*Id.*) Picozzi "had to go to City Hall and get a will." (*Id.*) He claims that the Defendants "had this people in the medical field do stuff to [him and he] got stuff in [his] private part where [he] can't have sex!" (*Id.*) Picozzi argues that "Joseph came to hospital and did stuff this Dr. Snyder no [sic] him real well and his brother Murphy." (*Id.*) He lost his house up in Langhorne. (*Id.*) According to Picozzi, Murphy and his sister "tr[ied] to kill [him] at a wedding by drugging

[him]." (*Id.*) He claims that the Defendants' actions "screw[ed him] up" mentally. (*Id.* at 4.) As relief, he asks the Court to "put the guy behind bars." (*Id.*)

## II. STANDARD OF REVIEW

The Court will grant Picozzi leave to proceed *in forma pauperis* because it appears that he is not capable of paying the fees necessary to commence this action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies to Picozzi's Complaint. That statute requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory statements and naked assertions will not suffice. *Id.* Moreover, "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). As Picozzi is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

Picozzi used this Court's form Complaint for non-incarcerated individuals wishing to file a civil action. He failed, however, to indicate the basis for the Court's subject matter jurisdiction over his case. To the extent that Picozzi is asserting civil rights claims pursuant to 42 U.S.C. § 1983, nothing in the Complaint suggests that the Defendants are state actors and that they deprived Picozzi "of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *see also West v. Atkins*, 487 U.S.

2

42, 48 (1988). In any event, if Picozzi is trying to bring claims seeking the prosecution of the individual who molested him, his claims are not cognizable. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). While the Court is sympathetic if Picozzi was indeed the victim of a crime, the Complaint, as pled, fails to allege a basis for federal question jurisdiction.

To the extent that Picozzi is asserting tort claims under state law, the only basis for this Court to exercise jurisdiction over such claims is pursuant to 28 U.S.C. § 1332(a), which grants a district court jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Here, Picozzi has failed to set forth an amount in controversy, and his Complaint fails to establish that the parties are citizens of different states for purposes of § 1332. An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). The Complaint suggests that Picozzi is domiciled in Pennsylvania, but fails to provide any information regarding the Defendants' domiciles.[1] Thus, at this point, the Court cannot discern whether diversity jurisdiction exists.

## IV.  CONCLUSION

For the foregoing reasons, the Court will dismiss Picozzi's Complaint. Any federal claims brought pursuant to 42 U.S.C. § 1983 will be dismissed with prejudice for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Any state law claims will be dismissed

---

[1] Despite lacking this information, it is possible that at least one of the Defendants is domiciled in Pennsylvania. If so, diversity jurisdiction would not exist, as "no plaintiff [may] be a citizen of the same state as any defendant." *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quotation omitted).

without prejudice to Picozzi refiling them in state court, or filing an amended complaint in this action within thirty (30) days. An appropriate Order follows.